RICHARD B. ROPER
UNITED STATES ATTORNEY
Howard A. Borg
Assistant United States Attorney
Texas State Bar No. 02667600
Burnett Plaza, Suite 1700
801 Cherry Street, Unit No. 4
Fort Worth, Texas 76102-6882
howard.borg@usdoj.gov
817.252.5200; Facsimile: 817.978.6351
Attorneys for United States of America,
Internal Revenue Service

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| In re: § § Lubbock, Texas-Highland Medical Center, L.P., § § Debtor. § § § § § | CASE NO. 08-50202-RLJ-11 CHAPTER 11 Debtor's Emergency Motion for Interim Authorization to Use Cash Collateral Hearing: June 6, 2008, 1:30 p.m. |

RESPONSE OF IRS TO
DEBTOR'S EMERGENCY MOTION FOR INTERIM
AUTHORIZATION TO USE CASH COLLATERAL

The United States of America on behalf of the Internal Revenue Service ("IRS") files this its response to the Debtor's Emergency Motion for Interim Authorization to Use Cash Collateral filed June 2, 2008 (Docket #5), and would show the Court as follows:

SUMMARY OF RESPONSE:

The IRS does not object to the Debtor being granted the interim authority sought in the Motion to use the cash collateral under terms and agreements which are believed to be acceptable to the Debtor as of June 5, 2008. The terms are summarized herein below.

RESPONSE OF IRS TO MOTION:

The IRS does not contest the allegations in the Motion that the Debtor has an immediate need to use a portion of its pre-petition cash collateral to continue the operation of its hospital business. The IRS agrees that said cash collateral is as alleged in the Motion, accounts receivable from Medicare, Medicaid, patient self-pay accounts, and third-party insurers. Further, the IRS does not contest that the Debtor's continued successful operation is in the best interest of the creditors, including those with liens on the cash collateral. The IRS agrees with what is alleged in the Motion, that the Debtor's use of the cash collateral should and must be limited to what is necessary to fund the normal hospital operations and nothing used for any purpose outside the ordinary course of business, but in no case an amount in excess of $500,000.00 from petition date to the end of the interim authorization, June 18, 2008. The IRS asserts a secured claim on the Medicare receivables of the Debtor, the amount of which and the basis for which will be more specifically set out in the proof of claim of the IRS to be filed in this case and in the IRS's response to the Debtor's final cash collateral motion expected to be filed in this case.

The IRS does not object to the Debtor being granted the interim authority sought in the Motion to use the cash collateral under terms and agreements which are believed to be acceptable to the Debtor as of June 5, 2008. The terms are summarized as follows:

(a) the Debtor be authorized to use cash collateral, consisting of the debtor's accounts receivable, to pay normal and ordinary operating expenses incurred in continuing its operations until June 18, 2008, for an amount not to exceed $500,000.00;

(b) to adequately protect the interests of the NS Fund I, LLC, and the IRS in their respective pre-petition claims against Debtor's accounts receivable, the Debtor will provide creditor NS Fund I, LLC and the IRS with replacement liens pursuant to and in accordance with 11 U.S.C. § 361(2) in and to all post-petition accounts receivable of the Debtor in an amount up to but not exceeding the value that their respective cash collateral was diminished during the period from the Debtor's petition date to June 18, 2008;

(c) the Debtor will agree to a general covenant to keep the amount of the receivables at the approximate balance they totaled up to, as of petition date, less any payments made as adequate protection to NS Fund and the IRS;

(d) the Debtor will furnish the NS Fund's attorney and the IRS's attorney with copies of the Debtor's Monthly Operating Reports in this case;

(e) the Debtor will agree to a covenant that the cash collateral will be used only for normal Hospital operations (i.e., nothing outside the ordinary course of business);

(f) the Debtor will maintain appropriate "Debtor in Possession" bank accounts to correctly account for all cash collateral used and to show compliance with the order authorizing use of the cash collateral; and

(g) nothing in the order granting the motion determine or establish the extent, priority, and/or validity of any liens asserted against Debtor's accounts receivable or other property.

//
//
//
//

The IRS asks the Court that if it finds that the Debtor's use of cash collateral as sought in the Motion should be approved, that the order authorizing that use contain the terms and agreements outlined herein above.

DATED June 5, 2008.

        Respectfully submitted,

        RICHARD B. ROPER
        UNITED STATES ATTORNEY
           */s/ Howard A. Borg*
        Howard A. Borg
        Assistant United States Attorney
        State Bar No. 02667600
        Burnett Plaza, Suite 1700
        801 Cherry Street, Unit 4
        Fort Worth, Texas 76102-6882
        howard.borg@usdoj.gov
        Telephone: 817.252.5200
        Facsimile: 817.978.6351
        Attorneys for Internal Revenue Service

## CERTIFICATE OF SERVICE

On June 5, 2008, a true and correct copy of the foregoing pleading was served on the following parties by either court enabled electronic filing or First Class Mail:

Max Ralph Tarbox  
McWhorter, Cobb & Johnson, LLP  
1722 Broadway  
P.O. Box 2547  
Lubbock, TX 79408

P. Howard Bailey, Jr., Attorney  
1005 Broadway  
Lubbock, TX 79401

Lubbock, Texas - Highland Medical Center, L.P.  
2412 50th Street  
Lubbock, TX 79412

U.S. Trustee  
1100 Commerce Street, Room 976  
Dallas, TX 75242-1496

                                    */s/ Howard A. Borg*  
                                    Howard A. Borg  
                                    Assistant United States Attorney