U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 21, 2008**                                                                 **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Lubbock, Texas - Highland Medical Center, L.P., | § | Case No. 08-50202-rlj11 |
| | § | Chapter 11 Proceeding |
| Debtor. | § | |

**AGREED ORDER AUTHORIZING SIXTH INTERIM USE OF CASH COLLATERAL**

CAME ON FOR CONSIDERATION the Motion of Lubbock, Texas - Highland Medical Center, L.P., debtor in possession herein ("debtor"), for an order authorizing the sixth interim use cash collateral and providing adequate protection for such use, and this Bankruptcy Court ("Court") having considered the matter and being advised by signatures below that NS Fund I, LLC and the Internal Revenue Service, who both claim an interest in debtor's cash collateral, as well as Dos Pansoncitos, who claims also claims a lien on accounts receivable, have agreed to the proposed method of adequate protection and have consented to the entry of this order; it is therefore

ORDERED that the debtor shall be and is hereby authorized to use cash collateral, consisting of the debtor's accounts receivable, to pay normal and ordinary expenses incurred in continuing its operations from August 16, 2008 until the earlier of August 31, 2008, or the date of the debtor selling the

business, for an amount not to exceed $300,000.00.

It is further ORDERED that to adequately protect the interests of the NS Fund I, LLC., Dos Pansoncitos, and the Internal Revenue Service in their respective prepetition claims against debtor's accounts receivable, the debtor will provide NS Fund I, LLC, Dos Pansoncitos, and the Internal Revenue Service with replacement liens pursuant to and in accordance with 11 U.S.C. § 361(2) in and to all postpetition accounts receivable of the debtor in an amount up to but not exceeding the value that their respective cash collateral was diminished during the period from the debtor's petition date to August 31, 2008. The debtor also agrees to the following:

a) covenant to keep the amount of the receivables at the approximate balance they totaled up to, as of petition date, less any payments made as adequate protection to NS Fund and the IRS,

b) furnish the designated representatives of NS Fund's attorney and IRS's attorney copies of the Monthly Operating Reports filed in this case and provide such representatives on-line access to the following depository accounts controlled by the debtor:

   a. debtor's debtor in possession account
   b. Arvest bank account
   c. Bank of America operating account, payroll account, and petty case account, and

c) covenant that the cash collateral will be used only for normal hospital operations (i.e., nothing outside the ordinary course of business).

It is further ORDERED that the debtor will deposit all of the Cash Collateral in the debtor's accounts consistent with the debtor's past and ordinary business practices, but such funds will be transferred to debtor's "Debtor In Possession" account. The cash accounts shall be maintained for the purpose of complying with this Order. The debtor shall comply with all rules and regulations of the Office of the United States Trustee in connection with the accounts referenced above.

It is further ORDERED that nothing in this order determines or establishes the extent, priority and/or validity of any lien or liens asserted against debtor's accounts receivable or other property.

It is further ORDERED that notwithstanding anything contained herein to the contrary, nothing herein shall affect the rights of Texas Department of State Health Services and Texas Health & Human Services Commission from exercising their rights of recoupment, but the debtor shall retain its right to exhaust administrative remedies to contest the dollar amount of any recoupment(s) effectuated or to contest said amounts before this Court, if this Court has jurisdiction thereof.

It is further ORDERED that Texas Department of State Health Services and Texas Health & Human Services Commission reserve the right to contest the exercise of this court's jurisdiction over any disputed recoupment amount and to argue in favor of having such matter(s) heard before the administrative tribunal(s) that regularly adjudicate such issues.

It is further ORDERED that notwithstanding anything contained herein to the contrary, nothing herein shall affect the rights of the United States Department of Health and Human Services from exercising its rights of setoff and/or recoupment, but the debtor shall retain its right to exhaust administrative remedies to contest the dollar amount of any setoff and/or recoupment effectuated or to contest amounts before this Court, if this Court has jurisdiction thereof. It is further Ordered that the United States Department of Health and Human Services reserves the right to contest the exercise of this court's jurisdiction over any disputed setoff and/or recoupment amount and to argue in favor of having such matter(s) heard before the administrative tribunal(s) that regularly adjudicate such issues.

It is further ORDERED that, to ensure that the debtor remains current on making its employee trust fund deposits and paying other federal tax payments, the debtor must comply with the following requirements:

a) The debtor shall file all post-petition federal tax returns on or before the due date required by law. Post-petition income taxes shall be paid upon the filing of the applicable return or

sooner if required by law. Post-petition employment taxes shall be paid or electronically deposited within three business days of paying the wages giving rise to those taxes. Additionally, within five business days of paying any post-petition wages, the debtor shall provide the following interim information to the IRS: (i) the amount of wages paid, (ii) the amount of federal payroll taxes arising from such wages, and (iii) proof of payment or deposit of the same amount of payroll taxes. This requirement for interim information does not eliminate the debtor's obligation to file quarterly and annual employment tax returns for post-petition periods. Copies of all post-petition tax returns and the additional information required by this order shall be sent to: Internal Revenue Service, Insolvency Q-1, Attn: Nathan Villanuea, Banrkruptcy Advisor, MAIL CODE 5027 DAL, Room 9A20, 1100 Commerce Street, Dallas, Texas 75242, Telephone 214-413-5346, Fascimile 214-413-5208.

  b.  If the debtor defaults in any of the requirements of this Agreed Order for IRS tax return filing and reporting to IRS and/or tax payments or deposits, the the IRS shall provide the debtor and debtor's counsel with a written notice of such default. If the default is not cured within ten (10) days after notice of default is mailed and/or transmitted by fascimile, the IRS may apply to the Court for appropriate relief.

  It is further ORDERED that the Court will hold a hearing on the debtor's proposed seventh interim use of cash collateral to be conducted on **September 4, 2008 at 2:00 PM.**

### End of Order ###

Approved as to Form:


 /s/ Max R. Tarbox
Max R. Tarbox
McWhorter, Cobb & Johnson, LLP
Lubbock, Texas
Attorneys for the Debtor

  /s/ Nolan Greak
Nolan Greak
Attorney at Law
Lubbock, Texas
Attorneys for NS Fund I, LLC


  /s/ Kent Hale
Kent Hale
Craig, Terrill & Hale, L.L.P.
Lubbock, Texas
Attorneys for Dos Pansoncitos


  /s/ Andrew L. Sobotka
Andrew L. Sobotka
Trial Attorney
United States Dept. of Justice
Tax Division
Dallas, Texas
Attorneys for Internal Revenue Service