RICHARD B. ROPER
UNITED STATES ATTORNEY
Howard A. Borg
Assistant United States Attorney
Texas State Bar No. 02667600
Burnett Plaza, Suite 1700
801 Cherry Street, Unit No. 4
Fort Worth, Texas 76102-6882
howard.borg@usdoj.gov
817.252.5200; Facsimile: 817.978.6351
Attorneys for United States of America,
Department of Health and Human Services

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Lubbock, Texas-Highland Medical Center, L.P., | § | CASE NO. 08-50202-RLJ-11 |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | Debtor's Motion to Sell (Docket #147) |
| | § | Hearing: Sept. 4, 2008, 2008, 2:00 p.m. |
| | § | |

RESPONSE OF HHS TO
DEBTOR'S MOTION TO SELL ASSETS FREE AND CLEAR

The United States of America on behalf of the U.S. Department of Health and Human Services ("HHS"), a creditor and governmental unit, files this its response to the "Debtor's Motion to Sell Assets Free and Clear of All Liens, Claims and Encumbrances with All Liens, Claims and Encumbrances to Attach to the Proceeds" filed August 15, 2008 (Docket #147) ("Motion"), and would show the Court as follows:

SUMMARY OF LIMITED RESPONSE:

The HHS does not object to the general concept of the Debtor selling the assets of the Estate in a sale pursuant to 11 U.S.C. § 363 assuming an acceptable price under acceptable terms. The HHS does, however, have concerns that the Motion does not adequately define and provide for the process and requirements for the purchaser to acquire the Debtor's Medicare Provider Agreement through application process, and does not adequately define and identify the Medicare overpayment liability that the purchaser will be required to assume and pay. Therefore, the HHS files this Response to the Motion to identify those concerns, while remaining optimistic that the deficiencies can through negotiations be corrected.

HHS CLAIM

The HHS is a claimant in this case and anticipates promptly filing a proof of claim[1]. The HHS contends that its claim is secured by its right to recoupment.

RESPONSE TO THE MOTION

1. MEDICARE PROVIDER AGREEMENT -   The Motion provides that the purchaser will purchase or acquire assets including the Medicare Provider Agreement ("MPA") of the Debtor. (Motion, para. 4). While this is, it is assumed, intended to only be a short-hand summary of the purchaser acquiring the Debtor's MPA, HHS submits that the process by which that can happen should be defined and acknowledged by all to prevent misunderstanding. The

---

[1] For purposes of aiding the parties, the HHS projects that the proof of claim amount know at this time is $899,512.39. This is the amount that the Debtor, under provider number 45-0162 is currently indebted to the Federal Health Insurance for the Aged Program's Hospital Insurance Trust Fund (appropriation 75-20X8005), for the Fiscal Year ending 12/31/2006 As filed cost report, the Fiscal Year ending 12/31/2006 Interim Settlement, and the Fiscal Year ending 12/31/2007 As Filed cost report. This amount does not include overcharges for the Fiscal Year 2008 to petition date. This is a non-binding statement of amount, with HHS reserving the right to amend the amount prior to filing the proof of claim.

**Limited Objection of HHS to Motion          Page 2 of  5**

transfer process includes Debtor must submit a Form CMS-855A and the purchaser must submit a form CMS-855 ("Medicare Enrolment Application") and the purchasers application must be approved. This application is made through the Medicare Contractor, Mutual of Omaha, and it could take several months.[2]

     2. ASSUMPTION OF MEDICARE OVERPAYMENT LIABILITY - The Motion provides that the purchaser will as part of the purchase assume the Medicare overpayment liability.[3] (Motion, para. 8). While this is, it is assumed, intended to only be a short-hand summary of that liability assumption, the HHS submits that it must be more specifically defined. All sale documents and orders approving the sale must specifically provide that the purchaser must assume and does assume the Medicare overpayment liability of the Debtor and agrees to repay such in terms acceptable to HHS.

     DATED August 28, 2008.     Respectfully submitted,

                                                          RICHARD B. ROPER
                                                        UNITED STATES ATTORNEY
                                                        /s/ Howard A. Borg
                                                        Howard A. Borg

| OF COUNSEL: | Assistant United States Attorney |
| --- | --- |
| Mervin D. Turner | State Bar No. 02667600 |
| Assistant Regional Attorney | Burnett Plaza, Suite 1700 |
| U.S. Department of Health | 801 Cherry Street, Unit 4 |
|   & Human Services | Fort Worth, Texas 76102-6882 |
| Office of the General Counsel | howard.borg@usdoj.gov |
| Dallas, Texas | 817.252.5200; Facsimile: 817.978.6351 |
| | Attorneys for HHS |

---

    [2] Counsel for HHS has provided information about this transfer process to counsel for the Debtor and one potential purchaser, Northstar.

    [3] When the MPA is included and to be transferred to the purchaser, then the purchaser will remain liable for the overpayment debt owed by the Debtor to HHS. *United States v. Vernon Home Health, Inc.*, 21 F.3d 693, 696 (5th Cir. 1994).

CERTIFICATE OF SERVICE

On August 28, 2008, a true and correct copy of the foregoing pleading was served on the following parties by either court enabled electronic filing or First Class Mail:

Max Ralph Tarbox
McWhorter, Cobb & Johnson, LLP
1722 Broadway
P.O. Box 2547
Lubbock, TX 79408

Lubbock, Texas - Highland Medical Center, L.P.
2412 50th Street
Lubbock, TX 79412

U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

**Mark Browning**
P.O. Box 12548
Austin, TX 78711-2548

**Craig L. Caesar**
McGlinchey Stafford, PLLC
2711 N. Haskell, Ste. 2700
Dallas, TX 75204

**David E. Lemke**
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219

**Richard J. Reynolds**
Shuey Smith LLC
401 Edwards Street, 13th floor
Shreveport, LA 71101

**W. J. Wade, Jr.**
Field Manning Stone Hawthorne & Aycock
2112 Indiana Ave.
Lubbock, TX 79410

**Nolan Greak**
Greak and Busby
8008 Slide Rd., Suite 30
Lubbock, TX 79424-2828

**Kent D. Hale**
Craig, Terrill & Hale
1500 Broadway, Suite 400
P.O. Box 1979
Lubbock, TX 79408-1979

P. Howard Bailey, Jr., Attorney
1005 Broadway
Lubbock, TX 79401

**Ashley Flynn Bartram**
Office of the Attorney General
Bankruptcy & Collections Division
P.O. Box 12548, MC-008
Austin, TX 78711-2548

**James W. Brewer**
Kemp Smith, LLP
221 N. Kansas, Ste. 1700
El Paso, TX 79901

**Charles Dick Harris**
Law Office of Dick Harris, PC
P.O. Box 3835
Abilene, TX 79604

**Carol E. Jendrzey**
Cox & Smith
112 E. Pecan, Suite 1800
San Antonio, TX 78205

                                              */s/ Howard A. Borg*
                                              Howard A. Borg
                                              Assistant United States Attorney