Andrew Sobotka
Attorney, Tax Division
State Bar No. 18819900
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9736 (direct)
(214) 880-9741 (fax)
Andrew.L.Sobotka@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| IN RE: ) | |
| Lubbock, Texas - ) | |
| Highland Medical Center L.P., ) | |
|     Debtor. ) | Case No. 0850202-rlj11 |
| ) | Chapter 11 Proceeding |
| | Hearing on September 4, 2008 |

**United States' (IRS) Response in Opposition to Northstar's Motion Alter or Amend Order Vacating Order Approving Debtor's Emergency Motion to Incur Up to $150,000 in Debt With Administrative Priority**

The United States, on behalf of its agency, the Internal Revenue Service (IRS), opposes Northstar's Motion Alter or Amend Order Vacating Order Approving Debtor's Emergency Motion to Incur Up to $150,000 in Debt With Administrative Priority (Docket No. 155) (Motion to Alter or Amend) and would show that the Motion to Alter or Amend should be denied for the following reasons:

The September 4, 2008, Hearing Date is before the United States' Response is Due

1.    The United States objects to Northstar setting the hearing date for the Motion to Alter or Amend on September 4, 2008,[1] because the Motion was filed on August 18, 2008, and

---

[1] Northstar initially set the hearing on its Motion for September 23, 2008. However, for unexplained reasons it reset the hearing for September 4, 2008.

the United States' Response would not be due for at least 20 days - or until September 7, 2008, *at the earliest*. However, Northstar did not use 20 day negative notice language in its motion and has not moved for or obtained an order for expedited consideration. Instead, it appears that Northstar is ignoring the rules of procedure and notice requirements in order to avoid the potential for discovery by the United States. As explained below, if the Court is inclined to consider Northstar's Motion, United States requests that it be given adequate time to conduct discovery into the communications between Debtor's counsel and Northstar's counsel.

<u>Northstar's should not be rewarded for its ignorance, its misconduct, or Debtor's misconduct</u>

1. Now that Northstar and the Debtor have been caught trying to circumvent the IRS and its tax lien, Northstar seeks to lessen adverse consequences of its conduct by asking the Court to grant it the same priority and liens that it could not obtain through legitimate means in the first place. The IRS should not be punished and Northstar should not be rewarded for Northstar' ignorance, Northstar's misconduct or the Debtor's misconduct.[2]

2. Northstar's Motion to Alter or Amend asks the Court to reinstate the August 1, 2008, Order (Docket No. 124) (now vacated by Docket No. 137) granting it administrative priority and rights to payment that circumvent lien rights of the IRS for a post-petition loan made on terms never disclosed or agreed to by the IRS.[3]

---

[2] Assuming for the sake of argument that Northstar was acting in good faith, it may have a claim of fraud against the Debtor or the Debtor's counsel. Alternatively, it may also have a malpractice claim against its attorneys for not checking with the IRS before loaning the money on terms the IRS had not seen or approved. However, its ignorance does not justify rewarding it with priority over the IRS claims and tax liens.

[3] Motion to Alter or Amend at p. 1, ¶ 3 and p. 7, ¶ 18.

    3.    Northstar relies on the following circular argument to justify rewarding its own ignorance or misconduct:

    (a)    the loan was made in good faith because Northstar did not think the terms of its loan adversely affected the IRS tax lien on Debtor's real property;

    <u>therefore</u>

    (b)    the loan should now be given administrative priority and lien priority that circumvent the IRS tax lien.

    4.    Northstar does not offer any new grounds to reinstate the August 1, 2008, Order. Instead, Northstar reasserts the same flawed argument previously made by the Debtor in its Response to the United States' Motion to Vacate (Docket No. 129). Like the Debtor previously argued, Northstar argues that because the Order contained language previously agreed to by the IRS providing the IRS tax lien would be superior to any lien granted Northstar in the Debtor's real estate, the Court should blindly ignore the other terms inserted in the Order by Northstar and the Debtor that circumvent that tax lien by allowing Northstar's loan to be repaid first at closing of ***any sale*** of substantially all the Debtor's assets. Motion to Alter or Amend at ¶ 15. The Court previously rejected this argument when it vacated the August 1, 2008 Order on August 8, 2008 (Docket No. 137).

    5.    Northstar's attempt to portray the situation in which it would be paid first ahead of the tax lien as only one limited scenario that may occur under the terms of the August 1, 2008, Order is also without merit. Motion to Alter or Amend at ¶¶ 15-16. Northstar is not accurate

when it would be paid ahead of the IRS only if Northstar is the buyer of "substantially all of the Debtor's assets" for $4.1 million or more. Motion to Alter or Amend at ¶¶ 15-16. The August 1, 2008, Order, clearly provided that Northstar would be paid first at closing from *any sale* of substantially all of the Debtor's - regardless of the price or buyer. August 1, 2008 Order (Docket No. 124) at 2. The inclusion of the language "*If Northstar is the purchaser of the assets*, Northstar may credit the amount it is owed from Loan No. 1 [and Loan No. 2] against the purchase price," could not make this more clear. August 1, 2008 Order (Docket No. 124) at 2.

6. Given the complete lack of notice in this case, *any language* allowing Northstar to be paid ahead of the tax lien on real estate under *any* scenario would be unacceptable --even if that scenario was unlikely. However, that scenario is very likely to arise given the Debtor's current efforts to sell its assets.[4]

7. In sum, the Motion to Alter or Amend should be denied. However, to the extent that the Court is inclined to further consider Northstar's Motion and in particular, its allegation of good faith, the United States requests that it be given sufficient time to conduct discovery into the communications between Northstar's counsel and the Debtor's counsel.

---

[4] Northstar would likely not be seeking reconsideration of there were not a real possibility of this scenario developing.

                RICHARD B. ROPER
                UNITED STATES' ATTORNEY

                /s/ Andrew L. Sobotka
                ANDREW L. SOBOTKA
                Attorney, Tax Division
                State Bar No. 18819900
                Department of Justice
                717 N. Harwood, Suite 400
                Dallas, Texas 75201
                Andrew.L.Sobotka@usdoj.gov
                (214) 880-9736
                (214) 880-9741 (fax)
                    Attorneys for the United States (IRS)

## CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that on September 2, 2008, service of the foregoing pleading was made on the following parties by either court enabled electronic filing or First Class Mail:

Max R. Tarbox
McWhorter, Cobb & Johnson, LLP
1722 Broadway
P.O. Box 2547
Lubbock, Texas 79408
(806) 762-0214; (806) 762-8014 (fax)
mtarbox@mcjllp.com
      Attorneys for Debtor

Stephen J. Stone
Robert A. (Andy) Aycock
Field, Manning, Stone, Hawthorne, & Aycock, P.C.
2112 Indiana Avenue
Lubbock, Texas 79410
(806) 792-0810; (806) 792-9148 (fax)
      Attorneys for Northstar Hospital, LLC

David E. Lemke
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
P.O. Box 198966
Nashville, TN 37219
(615) 850-8655; ((615) 244-6804 (fax)
      Attorneys for Northstar Hospital, LLC

Lubbock Texas - Highland Medical Center, L.P.
2412 50th Street
Lubbock, Texas 79412

U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

                                              /s/ Andrew L. Sobotka
                                              ANDREW L. SOBOTKA