Andrew Sobotka
Attorney, Tax Division
State Bar No. 18819900
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9736 (direct)
(214) 880-9741 (fax)
Andrew.L.Sobotka@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Lubbock, Texas - | ) | |
| Highland Medical Center L.P., | ) | |
|     Debtor. | ) | Case No. 0850202-rlj11 |
| | ) | Chapter 11 Proceeding |
| | ) | For September 4, 2008, 2:00 p.m. |

**United States' (IRS) Response in Opposition to Debtor's Motion for Rehearing Pursuant to Rule 59 Under Federal Rules of Civil Procedure**

The United States, on behalf of its agency, the Internal Revenue Service, opposes the Debtor's Rule 59 Motion for Rehearing of the Court's August 8, 2008, Order Vacating Order Approving Debtor's Emergency Motion for Authority to Incur Up to $150,000 in Debt with Administrative Priority (Docket No. 158) (hereafter "Motion for Rehearing") because Debtor's counsel had already had at least two opportunities to explain his misconduct to the Court.

The September 4, 2008, Hearing Date is before the United States' Response is Due

1.    The United States objects to the Debtor setting the hearing date for the Motion for Rehearing on September 4, 2008,[1] because the Motion was filed on August 19, 2008, and the

---

[1] Debtor initially set the hearing on its Motion for Rehearing for September 23, 2008. However, for unexplained reasons the Debtor then reset the hearing for September 4, 2008.

United States' Response would not be due for at least 20 days - or until September 8, 2008, *at the earliest*. However, the Debtor did not use 20 day negative notice language in its motion and has not moved for or obtained an order for expedited consideration. Instead, it appears that the Debtor is ignoring the rules of procedure and notice requirements in order to avoid the potential for discovery by the United States. As explained below, if the Court is inclined to grant a motion for rehearing, the United States requests that it be given adequate time to conduct discovery into the communications between Debtor's counsel and Northstar's counsel.

<u>Debtor's counsel, Max Tarbox, has had ample opportunity to explain his misconduct</u>

2. The misconduct of Debtor's counsel, Mr. Tarbox, at issue arises from his actions: (i) in submitting a form of order to the Court on August 1, 2008 (Docket No. 124), that was materially different than an order previously agreed to by the IRS on July 29, 2008; and (ii) representing to the Court that the changes continued to satisfy the IRS's concerns when they did not and without ever disclosing new terms to counsel for the IRS. *See* Docket Nos. 124, 125, 129, 131 and 137).

3. Mr. Tarbox, argues that the Court's August 8, 2008, Order (Docket No. 137) made adverse findings about his misconduct, "without the benefit of a hearing or otherwise granting counsel [Mr. Tarbox] any opportunity to explain his actions to the Court." Motion for Rehearing at 1-2. Not surprisingly, this statement is also untrue.

4. Mr. Tarbox had an opportunity to explain his conduct to the Court on August 1, 2008, during at telephone conference between the Court, Mr. Tarbox and counsel for the United States concerning the United States' objections the Order (Docket No. 124) entered earlier in the day. Because Mr. Tarbox was unable able to convince the Court that no harm had been done to

the IRS, the United States filed an Emergency Motion to Vacate the improperly obtained August 1, 2008, Order.

5. Thereafter, Mr. Tarbox had a full opportunity to explain himself in the Debtor's Response to the United States' Motion to Vacate the August 1, 2008, Order (Docket No. 129).

6. In that Response, Mr. Tarbox argued that the Order did not circumvent the IRS tax lien because it contained the language previously requested by the IRS in a different order. Debtor's Response (Docket 129) at 1-2. However, United States pointed out, the addition of new language allowing Northstar to be paid first at closing of any sale of the Debtor's assets had the effect of circumventing the tax lien. United States' Reply (Docket No. 131) at 1-3.

7. In the Debtor's Response, Mr. Tarbox also attempted to defend his unilateral addition of new language to the Order by suggesting that it was somehow the fault of the government's attorneys for not calling him back sooner. Debtor's Response (Docket No. 129) at 2. In that same Response he admits telling the government's attorney that language protecting the tax liens would remain in the order. Debtor's Response (Docket No. 129) at ¶ 5. Additionally, in its Reply, the United States quoted directly from the voice mail Mr. Tarbox left the undersigned counsel for the United States on his way to submit the new order to the Court stating that the new terms he added for Northstar did not change the priorities previously announced to the Court - when that was not true:

> Andy, this is Max Tarbox. I am calling to let you know that I am bringing an order to the court to approve a loan that I confirmed last night and that will be funded today in two segments. $75,000 today and $75,000 in ten days. ***The priorities and subordination language that was announced in court will remain as announced.*** If you have any questions, give me a call 777- 35 (*unintelligible*) 6, area code 806.

United States' Reply (Docket No. 131) at 3.

8.     Clearly, by August 8, 2008, the Court had the benefit of the foregoing explanations offered by Mr. Tarbox when it vacated the August 1, 2008, Order and awarded attorneys fees and costs to the IRS. (Docket No. 137).

9.     In sum, Mr. Tarbox has had more than ample opportunity to explain his misconduct, and rehearing this matter should be denied. However, in the even the Court grants the motion for rehearing, the United States requests that the rehearing be set with sufficient time for the United States to obtain discovery into all communications between Mr. Tarbox and Northstar's representatives.

RICHARD B. ROPER
UNITED STATES' ATTORNEY

/s/ Andrew L. Sobotka
ANDREW L. SOBOTKA
Attorney, Tax Division
State Bar No. 18819900
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
Andrew.L.Sobotka@usdoj.gov
(214) 880-9736
(214) 880-9741 (fax)
       Attorneys for the United States (IRS)

CERTIFICATE OF SERVICE

     IT IS HEREBY CERTIFIED that on September 2, 2008, service of the foregoing pleading was made on the following parties by either court enabled electronic filing or First Class Mail:

Max R. Tarbox
McWhorter, Cobb & Johnson, LLP
1722 Broadway
P.O. Box 2547
Lubbock, Texas 79408
(806) 762-0214; (806) 762-8014 (fax)
mtarbox@mcjllp.com
     Attorneys for Debtor

Lubbock Texas - Highland Medical Center, L.P.
2412 50th Street
Lubbock, Texas 79412

U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

     /s/ Andrew L. Sobotka
     ANDREW L. SOBOTKA