Max R. Tarbox; SBN: 19639950
Todd J. Johnston; SBN: 24050837
McWhorter, Cobb & Johnson, LLP
1722 Broadway
P. O. Box 2547
Lubbock, Texas 79408
806/762-0214; 806/762-8014 (FAX)
Attorneys for Lubbock, Texas -
Highland Medical Center, L.P.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Lubbock, Texas - Highland Medical Center, L.P., | § | Case No. 08-50202-rlj-11 |
| | § | Chapter 11 Proceeding |
| *Debtor.* | § | |

| | | |
|---|---|---|
| Lubbock, Texas - Highland Medical Center, L.P., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Adversary No.: |
| | § | |
| Dos Pansoncitos, Inc., CHS/Community Health | § | |
| Systems, Inc., NS Fund I, LLC, | § | |
| Internal Revenue Service, Jakeco LLC dba | § | |
| New-Tech Roofing,  ABCO Fire Protection, Inc., | § | |
| Texas Emergency Room Services, P.A., | § | |
| Luker Pharmacy Management, Inc., Xcel Energy, | § | |
| Atmos Energy Corporation, Lubbock Power | § | |
| & Light, McWhorter Cobb & Johnson L.L.P, and | § | |
| Robinson Burdette Martin & Seright, L.L.P. | § | |
| | § | |
| *Defendants.* | § | |

**DEBTOR'S COMPLAINT TO DETERMINE NATURE, EXTENT AND VALIDITY OF LIENS AND ALLOWANCE OF POSTPETITION COSTS AND EXPENSES PURSUANT TO 11 U.S.C. § 506(c)**

To The Honorable Robert L. Jones, Bankruptcy Judge:

Comes Now Lubbock, Texas - Highland Medical Center, L.P., the Debtor in Possession in the above-referenced bankruptcy case (hereinafter "Debtor" or "Plaintiff"), and states:

1. Plaintiff is the duly qualified and acting Debtor in Possession in this case.

2. Defendant Dos Pansoncitos, Inc. can be served through its counsel of record, Kent Hale, of Craig, Terrill, Hale & Grantham, L.L.P. at 1500 Broadway, Suite 400, Lubbock, Texas 79401.

3. Defendant CHS/Community Health Systems, Inc. can be served through its counsel of record, Craig L. Caesar, of McGlinchey Stafford, PLLC at 2711 N. Haskell Ave., Suite 2700, Dallas, Texas 75204.

4. Defendant NS Fund I, LLC can be served through its counsel of record, Nolan Greak, Attorney at Law, at 8008 Slide Road, Suite 30, Lubbock, Texas 79424.

5. Defendant Internal Revenue Service can be served through its counsel of record, Andrew Sobotka, at 717 N. Harwood, Suite 400, Dallas, Texas 75201.

6. Defendant Jakeco LLC dba New-Tech Roofing can be served at 11001 County Road 2500, Lubbock, Texas 79404.

7. Defendant ABCO Fire Protection, Inc. can be served at 14202 Highway 87 South, Lubbock, Texas 79423.

8. Defendant Texas Emergency Room Services, P.A. can be served through its counsel, David Langston, of Mullin, Hoard, Brown, L.L.P. at 1500 Broadway, Suite 700, Lubbock, Texas 79401.

9. Defendant Luker Pharmacy Management, Inc. can be served through its registered agent, Gary Luker, at 1719 Copperwood Lane, Richmond, Texas 77469.

10. Defendant Atmos Energy Corporation can be served through its counsel of record, Joe E. Marshall, of Munsch Hardt Kopf & Harr, P.C. at 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas 75201-6659.

11. Defendant Xcel Energy can be served by serving Dave Fitzmaurice of Xcel Energy at 550 15th Street, Denver, Colorado 80202.

12. Defendant Lubbock Power & Light & Water can be served by serving Becky Gaza, City of Lubbock Secretary, 1625 13th Street, Room 206, Lubbock, Texas 79457.

13. Defendant Robinson Burdette Martin & Seright, L.L.P. can be served by serving John E. Seright at 1500 Broadway, Suite 1300, Lubbock, Texas 79401.

14. Defendant McWhorter Cobb & Johnson, L.L.P. can be served by serving Max R. Tarbox, at 1722 Broadway, Lubbock, Texas 79401.

15. This is a complaint to determine the nature, extent and validity of liens. Furthermore, Plaintiff seeks the allowance of certain postpetition costs and expenses from the secured assets of the estate pursuant to 11 U.S.C. § 506(c). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). This Court has jurisdiction pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157((b)(2)(A)(B) and (K)).

16. This adversary proceeding is related to the Chapter 11 bankruptcy case of Lubbock, Texas - Highland Medical Center, L.P., Case No. 08-50202, which was filed on May 31, 2008.

**Determination as to the Nature, Extent and Validity of Liens**

17. The Debtor's primary asset, a medium-sized community hospital located in Lubbock, Texas, including all facility-related tangible and intangible assets, real estate, licenses, permits, and Medicare and Medicaid provider agreements and numbers were sold pursuant to a Court ordered auction on September 4, 2008. The sale of these assets recovered approximately $2,652,701.00 for the bankruptcy estate (hereinafter the "proceeds"). The Debtor intends to propose to the Court that proceeds from the sale of the assets be apportioned 61.0% to real property and 39.0% to personal property. The Debtor seeks a judicial determination to allow it to properly distribute these proceeds to the secured creditors of the Debtor's bankruptcy estate.

18. The Debtor further seeks a judicial determination of the priority, extent, and validity of liens against the Debtor's accounts receivable which will also be distributed.

19. The following named Defendants were made parties to this suit because each may have a lien on the aforementioned proceeds and accounts receivable:

   a. Dos Pansoncitos, Inc. assumed the claim of Peoples Bank and has filed a claim in the amount of $1,599,350.45 secured by a deed of trust against the Debtor's real property and personal property.

   b. NS Fund I, LLC has a claim estimated to be approximately $1,700,000.00 secured by a deed of trust against the Debtor's real property and a first lien on accounts receivable and personal property.

   c. CHS/Community Health Systems, Inc. has filed a claim in the amount of $5,060,104.96 based upon a purchase/sale agreement obligation secured by a deed of trust against the Debtor's real property. It also has a claim arising from an equipment lease.

   d. ABCO Fire Protection has a claim in the amount of approximately $57,600.00 secured by a purchase money security interest in a fire suppression equipment.

   e. Jakeco LLC dba New-Tech Roofing has filed a mechanic and materialsmen's lien in the amount of approximately $82,567.50.

   f. The Internal Revenue Service has filed a claim in the amount of $3,344,602.43, of which it asserts a $1,710,279.69 lien against Debtor's real property.

20. The Debtor has attached hereto a true and correct copy of Schedule "C" of a Commitment for Title Insurance issued by Stewart Title evidencing the alleged liens of the above-referenced Defendants as to the Debtor's real property. *See* Exhibit "A." One or more of the liens described in Exhibit "A" may be invalid or subordinate as to the other alleged lienholders under applicable provisions of state and/or federal law. Upon information and belief, the Debtor contends that Dos Pansoncitos, Inc. has purchased the claim and first lien position of Peoples Bank.

**Allowance of Postpetition Costs and Expenses Pursuant to 11 U.S.C. § 506(c)**

21. The value recovered from the sale of the hospital for the bankruptcy estate was derived from its sale as a going concern. The Debtor's assets would have been seriously diminished if the hospital had ceased to operate. Due to the age of the hospital, it is believed that the hospital could not have reopened if it has closed for any reason during the pendency of this bankruptcy case since it would not have been able to satisfy current state compliance standards and licensure requirements. It is also Debtor's belief that the property owned by the Debtor was unique and therefore could not have be used for other purposes. Current value for commercial property in Lubbock, Texas is $3.00 to $5.00 per square foot. The Debtor's real property consisted of 297,222 square feet. The Lubbock Central Appraisal District's values the Debtor's land value at approximately $965,972.00. The Debtor believes that the potential demolition costs alone incurred in removing the hospital improvements would significantly diminish the commercial value of estate's real property.

22. The Debtor therefore asserts that the following two (2) categories of postpetition claimants have claims arising under 11 U.S.C. § 506(c) in that without their services the aforementioned secured creditors would have recovered considerably less on their respective secured claims. Plaintiff contends that these postpetition claims are reasonable, necessary and benefitted the secured creditors and therefore should be recovered from the estate's secured assets prior to any distributions to the secured creditors themselves.

23. The following parties provided critical services to the Debtor for the period subsequent to the filing of this case until September 15, 2008. Pursuant to 11 U.S.C. § 506(c), Plaintiff seeks to recover from the secured assets the costs and expenses for each of the following parties incurred while preserving the hospital's value for benefit of the secured creditors:

   a. Texas Emergency Room Services, P.A. claims to have incurred expenses in the estimated amount of $149,346.00. This claimant operated the Debtor's emergency room on a contract basis. The Debtor would not have been able to retain its state license to operate without a functioning emergency room.

   b. Luker Pharmacy Management, Inc. claims to have incurred expenses in the estimated amount of $98,958.66. This claimant operated the Debtor's pharmacy on a contract basis. The Debtor would not have been able to retain its state license to operate without an associated pharmacy.

   c. Xcel Energy claims to have incurred expenses in the estimated amount of $76,738.77. This claimant provided utility services to the Debtor. Without such services, the Debtor could not have functioned.

   d. Atmos Energy Corporation claims to have incurred expenses in the estimated amount of $14,240.31. This claimant provide utility services to the Debtor. Without such services, the Debtor could not have functioned.

   e. Lubbock Power & Light claims to have incurred expenses in the estimated amount of $14,308.08. This claimant provide utility services to the Debtor. Without such services, the Debtor could not have functioned.

24. The Debtor is also aware that the following parties provided professional services to the Debtor for the period subsequent to the filing of this case until the estate's assets were sold: September 15, 2008. Pursuant to 11 U.S.C. § 506(c), Plaintiff seeks to recover from the secured assets the costs and expenses for each of the following parties incurred while preserving the hospital's value for benefit of the secured creditors:

   a. McWhorter Cobb & Johnson L.L.P ("MCJ") has represented the Debtor in this bankruptcy proceeding. The primary mission of MCJ was to acquire new ownership for the Debtor's property so that the estate's assets could be sold resulting in funds being available to the estate. Without such efforts, the secured creditors would have recovered considerably less on their claims. MCJ anticipates its claim will be approximately $100,000.00 more than it has currently received.

   b. Robinson Burdette Martin & Seright, L.L.P. provided vital accounting and bookkeeping services to the estate. Upon information and belief, Plaintiff anticipates this claim to be approximately $12,000.00.

   c. The U.S. Trustee's office is entitled to certain fees pursuant to applicable provisions of the Bankruptcy Code. Upon information and belief, Plaintiff anticipates this claim to be approximately $15,000.00.

   d. Carol E. Jendrzey of Cox Smith Matthews Incorporated served as the court appointed patient care ombudsman. Upon information and belief, Plaintiff anticipates this claim to be approximately $19,488.17.

WHEREFORE, Lubbock, Texas - Highland Medical Center, L.P., the Debtor in Possession, respectfully prays that the Court enter an order determining the nature, extent and validity of liens of each of the Defendants as to the proceeds from the sale of the Debtor's hospital (and related assets) as well as the Debtor's accounts receivable, the allowance of certain postpetition costs and expenses from the secured assets of the estate pursuant to 11 U.S.C. § 506(c), and for such further relief, including costs and attorney's fees as the Court deems just and appropriate.

Respectfully submitted,

McWhorter, Cobb & Johnson, LLP
1722 Broadway
Lubbock, Texas 79401
(806)762-0214; FAX (806)762-8014

By: /s/ Max R. Tarbox
Max R. Tarbox
State Bar No. 19639950
Todd J. Johnston
State Bar No. 24050837
Attorneys for Debtor