United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-8967

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| LUBBOCK, TEXAS - HIGHLAND MEDICAL CENTER, L.P. | § § § | CASE NO. 08-50202-RLJ–11 |
| | § | |
| | § | |
| DEBTOR-IN-POSSESSION | § | |

## MOTION TO CONVERT

The United States Trustee for the Northern District of Texas moves to convert this case to Chapter 7.  The United States Trustee would show:

1. This case commenced on May 31, 2008, with a voluntary petition under 11 U.S.C. §301 and §1101 *et seq*. filed in the United States Bankruptcy Court for the Northern District of Texas.

2. When this case commenced, it owned and operated a hospital. Though numerous existing and developing problems jeopardized its continued operation in Chapter 11, the hospital was eventually sold as an operating entity.

3. Approximately $1.5 million of proceeds remaining from that sale are in escrow pending the outcome of litigation initiated by the Debtor which will determine *inter alia* the ordinal priority of NS Funds I, LLC ("NS Funds") and CHS/Community Health Systems, Inc. ("CHS") to the second lien.[1] The only other pending litigation is the Debtor's motion under 11 U.S.C. §506(c) to assess lien holders with costs it allegedly incurred for preserving their collateral.  There are no unencumbered proceeds from the sale.

---

[1] Approximately $1.7 million in proceeds was paid to Dos Pansoncitos on November 30, 2008, as the undisputed first lien holder.

4. The Debtor has no ongoing operations. The only remaining assets requiring administration are the collection of accounts receivable.[2] If NS Funds is entitled to the second lien, not all receivables will be encumbered.[3] In that event, and by all estimates, the collectable unencumbered receivables will be insufficient to make any distribution beyond priority creditors.

5. Believing it could achieve a more economical administration of this estate, the Debtor filed a liquidating plan. However, its Plan could not feasibly demonstrate that all tax claimants entitled to priority under 11 U.S.C. §507(a)(8) would be paid in full within five years from the petition date as required by 11 U.S.C. §1129(a)(9)(c) for confirmation. Based on information that the State of Texas would not waive this requirement, the Debtor abandoned the plan and moved to convert this case to Chapter 7. A hearing is set on that Motion for November 20, 2008.

6. Two creditors recently objected to the case's conversion, citing *inter alia* delay and additional expenses to the estate. On or about November 13, 2008, counsel for the Debtor suggested that the Debtor may abandon its conversion efforts in favor allowing the pending litigation to proceed to conclusion and subsequently dismissing the case. It is apparently contemplated that unencumbered funds remaining at the conclusion of this litigation would be paid to creditors in the same manner as would occur were the case in Chapter 7.

7. Absent confirmation of a plan, the disposition of Chapter 11 cases is effectuated through 11 U.S.C. §1112 by dismissal or conversion.[4] If "cause" exists, then under §1112(a)(b), the Court

---

[2]NS Funds I, LLC holds a lien on all receivables. CHS's claim is not secured by receivables.

[3]There are sufficient proceeds remaining from the sale to fully pay NS Funds's claim. If, however, CHS/Health Systems, Inc. is entitled to the second lien, the amount of its claim will consume the balance of funds in escrow, thereby relegating NS Funds to collection of the receivables. CHS apparently claims in the suit the NS Funds should be required to seek satisfaction from the receivables first before being paid from the hospital's proceeds.

[4]11 U.S.C. §1112 states in pertinent part:

    (a) The debtor may convert a case under this chapter to a case under chapter 7 of this title...

    (b)(1) Except as provided in paragraph (2) of this subsection, subsection....on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested

"....shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, *whichever is in the best interests of creditors and the estate*...." (emphasis added). It is undisputed that the Debtor's inability to confirm a plan constitutes "cause" under §1112(b)(4).

8. Once cause is established, the Court must consider what is in the creditors' and the estate's best interests.[5] The United States Trustee does not believe it is appropriate for this case to conclude in the fashion being proposed. The Code's statutory scheme for the disposition of assets is intended to insure the actual and equitable distribution of assets to creditors. Dismissing a case is more appropriate when, under any circumstances, continuation under Title 11 would not benefit creditors.

9. In Chapter 7, the estate has the Court readily available to it for the resolution of *inter alia* disputes involving receivables, the conclusion of the §506(c) litigation, claims objections, and the pending priority suit. Outside Chapter 7, there is neither a formal mechanism for distribution to creditors nor for resolving unsettle disputes short of petitioning a State court.

10. Moreover, it is undisputed that if NS Funds is found to be the second lien holder, not all receivables are encumbered, making it likely that at least some unsecured priority creditors will be at least partially paid. Under Chapter 7, the administration of those assets would be Court supervised,

---

conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

(2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that--

    (A) there is a reasonable likelihood that a plan will be confirmed within....a reasonable period of time....

(4) For purposes of this subsection, the term 'cause' includes--

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation....

[5]To effectuate the disposition under consideration, the Debtor has moved to continue the hearing on its Motion to convert. Even though a hearing on the Debtor's motion was continued for the purpose of allowing the Debtor's "alternative" plan to go forward, cause still exists. Therefore, an order not to convert must now be premised on a finding that dismissal or conversion is not in the best interest of creditors. Under §1112(b)(2), that finding can only be made if a) a party shows that there is a reasonable likelihood a plan will be confirmed within a specific time frame. Under the facts of this case, no such finding is possible.

and would not be subject to diminishment by the ongoing fees under 28 U.S.C. §1930(a), the reporting and other obligations dictated by the United States Trustee's <u>Guidelines for Chapter 11 Debtors-in-Possession</u>, and the cost associated therewith.[6] There would be no such supervision if the case is dismissed.

11. Trials in both the pending litigations are scheduled in the next few months. Nevertheless, there is no guarantee of either the results or the length of any appeals. This makes a comparison of the benefits and delays associated with conversion and the Debtor's plan speculative.

12. For these reasons, the United States Trustee asserts that the best interests of creditors will be served it this case is converted to Chapter 7.

WHEREFORE, the United States Trustee prays that this Court convert this case to Chapter 7.

DATED: November 19, 2008

Respectfully submitted,
WILLIAM T. NEARY
UNITED STATES TRUSTEE

/S/ William S. Parkinson
William S. Parkinson
Ohio Bar Registration 0021679
1100 Commerce Street
Room 976
Dallas, Texas 75242
(214) 767-8967

**CERTIFICATE OF CONFERENCE**

I certify that on November 18, 2008, I conferred with Max Tarbox, counsel for the Debtor-in-Possession about this Motion and the relief sought therein. At that time Mr. Tarbox indicated the Motion would be opposed.

/S/ William S. Parkinson
William S. Parkinson

---

[6] The United States Trustee recognizes that certain Chapter 7 expenses would be incurred. These, however, would also be subject to Court supervision and control, and, in many respects, would mirror the expenses in a continuing in Chapter 11.

**CERTIFICATE OF SERVICE**

   I do hereby certify that on November 19, 2008 a true copy of the foregoing document was sent by regular first class United States mail and/or Court enabled electronic transmission to the following persons:

| | |
|---|---|
| Max Tarbox, Esq.<br>P.O. Box 2547<br>Lubbock, Texas 79408 | Lubbock, Texas-Highland Medical Center, L.P.<br>2412 50th St.<br>Lubbock, Texas 79412 |
| Scott Sharp, Esq.<br>1408-A Buddy Holly Ave.<br>Lubbock, Texas 79401 | Nolan Greak, Esq.<br>8008 Slide Rd. Suite 30<br>Lubbock, Texas 79424 |
| Craig Caesar, Esq.<br>2711 North Haskell Suite 2700<br>Dallas, Texas 75204 | Mark Browning, Assistant Attorney General<br>P.O. Box 12548<br>Austin, Texas 78711 |
| Rebecca Hellbaum, Esq.<br>3601 4th St. MS6246<br>Lubbock, Texas 79430 | Howard Borg, Assistant United States Attorney<br>801 Cherry St. Unit 4<br>Fort Worth, Texas 76102 |
| Andrew Sobatka<br>U.S. Dept. of Justice, Tax Division<br>717 Harwood Ave. Suite 400<br>Dallas, Texas 75201 | Roger Key, Esq.<br>P.O. Box 64948<br>Lubbock, Texas 70464 |
| Patrick Tyler, Esq.<br>14909 Banbridge<br>Austin, Texas 78717 | David Lemke, Esq.<br>511 Union St.<br>Nashville, Tennessee 37219 |
| Robert A. Aycock, Esq.<br>2112 Indiana Ave.<br>Lubbock, Texas 79410 | Kent Hale, Esq.<br>P.O. Box 1979<br>Lubbock, Texas 79408 |
| Richard Reynolds, Esq.<br>401 Edwards St. Suite 1300<br>Shreveport, Louisiana 73711 | P. Howard Bailey, Esq.<br>1005 Broadway<br>Lubbock, Texas 79401 |
| David Langston, Esq.<br>P.O Box 2585<br>Lubbock, Texas 79408 | R. Byrn Bass, Esq.<br>4716 4th St. Suite 100<br>Lubbock, Texas 79416 |

                 /S/ William S. Parkinson
                William S. Parkinson